JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
Kuljinder Singh

### DEFENDANTS
Michael Chertoff; Emilio T. Gonzalez; Michael B. Mukasey

(b) County of Residence of First Listed Plaintiff Northumberland (PA)
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Robert B. Jobe, Law Office of Robert B. Jobe
550 Kearny Street, Suite 200
San Francisco, CA 94108
(415) 956-5513

Attorneys (If Known)

United States Attorney's Office
450 Golden Gate Ave., 9th Fl.
San Francisco, CA 94102

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | [ ] 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities – Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee | | |
| | | | [x] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
5 USC 701 et al.

Brief description of cause:
Administrative Procedure Act

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [x] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
- [x] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE

DATE 2/8/08   2/8/08
SIGNATURE OF ATTORNEY OF RECORD

Robert B. Jobe (Cal. State Bar #133089)
LAW OFFICE OF ROBERT B. JOBE
550 Kearny Street, Suite 200
San Francisco, CA 94108
Tel:   (415) 956-5513
Fax:   (415) 840-0308
Email: bob@jobelaw.com

Attorney for Plaintiff.

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KULJINDER SINGH,<br><br>　　Plaintiff,<br><br>　　v.<br><br>MICHAEL CHERTOFF, SECRETARY, DEPARTMENT OF HOMELAND SECURITY; EMILIO T. GONZALEZ, DIRECTOR; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; MICHAEL MUKASEY, U.S. ATTORNEY GENERAL,<br><br>　　Defendants. | No. CV 08 0880<br><br>COMPLAINT FOR RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT<br><br>DHS Alien Number: 95-605-299 |

## COMPLAINT FOR RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT

By and through his undersigned attorney, Plaintiff KULJINDER SINGH ("Mr. Singh"), as for his complaint, alleges as follows:

### PROCEDURAL HISTORY

1.　　Mr. Singh is a native and citizen of India who entered the U.S. near Phoenix, Arizona without inspection on or about June 4, 2002. On September 12, 2002, Mr. Singh filed an Application for Asylum (Form I-589) with U.S. Immigration and Naturalization Service.[1] He

---

[1] Pursuant to the *Department of Homeland Security Reorganization Plan, Homeland Security Act of 2002*, Pub. L. No. 107-296, 116 Stat. 2135 (2002), 6 U.S.C. §§ 101-557, as of March 1, 2003, the INS was abolished and its functions were transferred to the Department of

Plaintiff's Complaint For Relief
Under the Administrative Procedure Act

attended an asylum interview in San Francisco, California on November 6, 2002.

2.  On an unknown date, the San Francisco Asylum Office issued Mr. Singh a letter, indicating that he was "previously informed that [his] Request for Asylum was **recommended for approval** pending receipt by the [government] of the results of a mandatory, confidential investigation of [his] identity and background." (Emphasis added). The letter further indicated that while running the background checks, the asylum office learned that Mr. Singh was arrested on July 5, 2002 in Salt Point, New York, for unlawfully dealing with a child and sale of alcohol to a minor, and therefore requested the final court disposition in that case to be submitted within 60 days.

3.  On December 13, 2002, Mr. Singh's prior attorney, Mohinder Singh, sent a letter to the asylum office attaching a letter from Mr. Singh's criminal defense attorney, which indicated that the charges stemming from the July 2002 arrest of "Surrinder Singh" were Adjourned in Contemplation of Dismissal, such that at the end of a six-month period, the charges would be dismissed provided there was no further trouble with the law. Mohinder Singh indicated in his cover letter that Mr. Singh was "also known as Surrinder Singh." On January 3, 2003, Mr. Singh mailed the asylum office a copy of the "Certificate of Disposition," which indicated that "Surinder Singh" was granted an Adjournment in Contemplation of Dismissal on November 25, 2002 in the Town of Dover Court, in Dover Plains, New York, related to the July 2002 arrest.

4.  Over four years later, on May 30, 2007, the United States Citizenship and Immigration Services ("USCIS") mailed a letter to Mr. Singh at "188-15 Cavendish Dr., Castro Valley, CA 94552," stating:

> Immigration records indicate that you were previously placed in deportation, exclusion, or removal proceedings. Asylum regulations provide that only an immigration judge may adjudicate the asylum application of an individual in proceedings before an immigration court. See 8 CFR 208.2(b). Therefore, the asylum office does not have jurisdiction to consider your asylum application. Your asylum application cannot be processed by the asylum office at this time.

---

Homeland Security ("DHS").

Plaintiff's Complaint For Relief
Under the Administrative Procedure Act        2

The letter then provided the address of the San Francisco Immigration Court for "further information." Mr. Singh was not given any opportunity to challenge the asylum office's finding that he had previously been placed in removal proceedings, a fact that he firmly denies.

5. USCIS sent Mr. Singh another letter on October 2, 2007, to "209 Main Street, Blossburg, PA 16912," denying his Application for Employment Authorization (Form I-765), and stating that:

> USCIS records show that you filed a Form I-589 on September 12, 2002. A review of the records indicates that your asylum application was administratively closed on May 23, 2007 by the San Francisco Asylum Office. The Asylum Office did not have jurisdiction over your asylum application because you were in proceedings before the Immigration Judge.
>
> The results of your proceedings show that you were ordered removed from the United States by order of the Immigration Judge on March 22, 1999.
>
> The USCIS has no record that you have a pending asylum application. For that reason, your Application for Employment Authorization (Form I-765) is denied.
>
> There are no provisions in USCIS regulations that allow for an appeal from this decision.

6. Upon learning that his asylum application was terminated, a confused Mr. Singh retained undersigned, who promptly filed a Freedom of Information Request ("FOIA"). Undersigned received the FOIA request on January 7, 2008, which revealed numerous documents related to other individuals, including a March 22, 1999 Board of Immigration Appeals' ("BIA" or "Board") decision, affirming the denial of an asylum claim in the case of "Surrender Singh" (A 72-764-131) and a March 8, 2000 *in absentia* removal order related to a "Surinder Singh Wahla" (A 73-427-486). Mr. Singh maintains that he is not the same individual whose case was dismissed by the BIA in 1999 or the individual who was ordered removed by a San Francisco Immigration Judge in 2000. At the time these decisions were being rendered, in 1999 and 2000, Mr. Singh was not even in the United States.

## JURISDICTION

7. Jurisdiction over the subject matter of this civil action is conferred on this Court by 28 U.S.C. § 1331, as a civil action arising under the Constitution, laws, or treaties of the United

Plaintiff's Complaint For Relief
Under the Administrative Procedure Act                    3

States; 28 U.S.C. § 1361, as a civil action in the nature of mandamus to compel an officer or employee of the United States to perform a duty owed to Plaintiff; 5 U.S.C. § 702, as a challenge to agency action under the Administrative Procedure Act ("APA"); and 28 U.S.C. §§ 2201 and 2202, as a civil action seeking, in addition to other remedies, a declaratory judgment.

## VENUE

8. Venue is properly in this district pursuant to 28 U.S.C. §§ 1391(e)(2) and (e)(3), because a substantial part of the events giving rise to this claim occurred in this district and no real property is involved in this action.

## INTRA-DISTRICT ASSIGNMENT

9. Because a substantial portion of the events that gave rise to this lawsuit occurred in the County of San Francisco, this case should be assigned to the Court's San Francisco division.

## STANDING

10. The APA affords a right of review to a person who is "adversely affected or aggrieved by agency action." 5 U.S.C. § 702. Defendants' illegal action has immeasurably prolonged Mr. Singh's ability to legalize his status in the United States.

## PLAINTIFF

11. Mr. Singh is a native and citizen of India who resides at "143 Main Street, Apt. #2 Watsontown, PA 17777." Although Mr. Singh filed an asylum application on September 12, 2002, USCIS refused to adjudicate it based on its belief that Mr. Singh had been ordered removed in 1999 by the San Francisco Immigration Court - something that Mr. Singh vehemently denies. Accordingly, Mr. Singh continues to remain in legal limbo.

## DEFENDANTS

12. Respondent, Michael Chertoff, is sued in his official capacity as the Secretary of the United States Department of Homeland Security ("DHS"). In that capacity, he has responsibility for the administration and enforcement of the immigration laws pursuant to 8

U.S.C. § 1103, as amended.

13. DHS, encompassing USCIS, is the executive department "responsible for providing immigration-related services and benefits such as naturalization and work authorization as well as investigative and enforcement responsibilities for enforcement of federal immigration laws, customs laws, and air security laws." *See* http://www.dhs.gov/ximgtn/.

14. Emilio T. Gonzalez is the Director of USCIS and, as such, has been delegated the authority to direct the administration of USCIS, and to enforce the Immigration and Nationality Act ("INA") and all other laws relating to the immigration and naturalization of non-citizens. Defendant Gonzalez is sued herein in his official capacity.

15. USCIS is the federal agency within DHS that is responsible for the administration and enforcement of the INA and all other laws relating to the immigration and naturalization of non-citizens.

16. Respondent, Michael Mukasey, is sued in his official capacity as the Attorney General of the United States. He retains certain responsibilities for administration and enforcement of the immigration laws pursuant to 8 U.S.C. § 1103.

## FIRST CAUSE OF ACTION

### (Violation of the Administrative Procedure Act)

17. Plaintiff repeats, allege, and incorporate paragraphs 1 through 16 above as though fully set forth herein.

18. Plaintiff is a person aggrieved by agency action under the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.* By failing to adjudicate the application for asylum filed by Mr. Singh or even give Mr. Singh an opportunity to contest their belief that he had been ordered removed from the United States under another name, Defendants have acted arbitrarily and capriciously and have "unlawfully withheld or unreasonably delayed" agency action in violation of 5 U.S.C. § 706.

//

//

Plaintiff's Complaint For Relief
Under the Administrative Procedure Act                5

**RELIEF REQUESTED**

WHEREFORE, Plaintiff pray that this Court:

(1) Accept jurisdiction over this action;

(2) Declare Defendants' failure to adjudicate the application for asylum filed by Mr. Singh to be a violation of the Administrative Procedure Act and 28 U.S.C. § 1361;

(3) Grant attorney's fees and costs of court under 28 U.S.C. § 2412, 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d), and other authority; and

(4) Grant such other and further relief as this Court deems just and proper under the circumstances.

DATED: February 8, 2008

Respectfully submitted,

Robert B. Jobe, Esq.
LAW OFFICE OF ROBERT JOBE
550 Kearny Street, Suite 200
San Francisco, CA 94108
(415) 956-5513
(415) 840-0308

Attorney for Plaintiff